## Witmer v. Witmer.

*Divorce—Desertion—Evidence—Sufficiency.*

If a divorce is to be decreed upon the ground of desertion, the intention to desert must be made to appear, or must be shown by the circumstances as existing at the time when the alleged desertion took place.

Divorce. C. P. Schuylkill Co., Sept. T., 1923, No. 250.

*R. S. Bashore*, for libellant; *J. F. Mahoney*, for respondent.

KOCH, J., Jan. 21, 1924.—In her libel the libellant, *inter alia*, avers: "That, in violation of his marriage vows and of the laws of this Commonwealth, John A. Witmer, the said respondent, on the 9th and 10th days of March, 1920, without any just or reasonable cause or provocation, wilfully and maliciously deserted the libellant and her family, and that he has continued in said wilful and malicious desertion from March 10, 1920, to the present time," etc.

In her testimony taken before the master the libellant said, concerning her husband: "In the forenoon of March 9, 1920, he was cross about something; I do not remember what it was about, and left and went to the home of his parents. The next day he came back with a horse and wagon. His brother-in-law, one of his brothers and his father were with him. He took all the furniture and his clothing and took them to an apartment-house in Pinegrove. When he left on March 9th, he did not tell me where he was going. When he took the furniture on March 10th, he asked me to go along. . . . He told me that he had three rooms rented in Pinegrove." He did not tell her where the house was in Pinegrove, nor did he send word where the house was or come for her. She has two children. A few days after he left, she learned from somebody else that he had left the key of the house for her with a woman in Pinegrove. Instead of going to Pinegrove, she went with her two children to her parents' home and has been there ever since. The husband is contributing $20 a month for the support of the children, and the libellant is working in a factory to support herself. When the respondent left his wife, he did not put her clothing on the wagon, nor did he take along some dishes and other small articles which were hers, nor did he ask her to put her clothing or other articles on the wagon, and did not offer to take them along.

This evidence does not show an intention on the respondent's part to desert his wife when he moved to Pinegrove. He may have had good reasons for moving to Pinegrove, and it may clearly have been her duty to go there. The intention to desert must be made to appear, or must be shown by the circumstances as existing at the time when the alleged desertion took place. I think the testimony insufficient to warrant a decree in the libellant's favor, and, therefore, the application must be refused.

And now, Jan. 21, 1924, the libel is dismissed and a decree of divorce is refused.

From M. M. Burke, Shenandoah, Pa.